**Helbert SCOTT, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 385S107.**

Supreme Court of Indiana.

May 27, 1987.

Diane McNeal, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant on the charge of Burglary, a Class B felony, for which he received a twelve (12) year sentence.

The facts are: On April 6, 1984, at approximately 5:30 p.m., Officer Perry Anagnos of the East Chicago Police Department received a radio dispatch to proceed to 3526 Block Avenue, where a burglary was in progress. Officer Paul Muryasz was also dispatched to assist Officer Anagnos. When the officers arrived at the building, one went to the front door and one to the back door of the apartment of Sharell Carpue. The officers observed that there were pry marks on the facing of the front door and wood chips on the floor outside the apartment. The door was slightly ajar; however, the officers found that the door was blocked in some manner.

Appellant first appeared at the front door where he was faced by Officer Muryasz. A few moments later Officer Anagnos, who was at the back door, observed a rear window sliding open and appellant's shoulder passing through the window. The officer shouted for appellant to "freeze", whereupon appellant jumped back and retreated into the apartment. The officers then entered and arrested appellant.

Among other items found on appellant's person was a gold chain identified by Carpue as the one taken from her apartment. When Carpue arrived at her apartment, she

**4**

discovered that wood chips were on the floor outside the apartment, that jewelry and other items were on her bed, that her purses had been emptied, that items which had been packed and placed in her closet were on the floor and that her television set had been unplugged. Carpue also observed that the electrical cords of her television set, stereo and speakers had been unplugged and wrapped together.

Several days later Carpue discovered that her leather jacket, blender, camera and blow dryer had been moved from where she had left them and had been placed in a pillow case in a closet. Carpue testified that she and appellant had been friends but they had not been dating. Appellant testified that they were dating at the time and that he had stopped by Carpue's apartment and had entered only because he heard a noise inside.

At the close of trial, appellant's counsel moved to reopen the case to allow two additional witnesses to testify. Counsel made an offer to prove that the witnesses would testify that appellant and Carpue were involved in a dating relationship. The court denied the motion and submitted the case to the jury.

Appellant's sole assignment of error is that the trial court erred in refusing to allow him to reopen the case and call the two additional witnesses. It is within the trial court's discretion as to whether or not to allow a reopening of a case. *Gorman v. State* (1984), Ind., 463 N.E.2d 254.

In view of the above-recited facts, we see no abuse of discretion. Even if we would assume for the sake of argument that the witnesses would have established a dating relationship between appellant and Carpue, such relationship would not automatically establish that appellant had permission to enter Carpue's apartment in her absence. It certainly would not give him permission to take possession of her gold chain in her absence nor would it give any justification for the breaking of the front door or the gathering of her possessions inside the apartment. We hold the trial court did not abuse its discretion in refusing to reopen the trial.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.